IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UTE INDIAN TRIBE OF THE UINTAH AND OURAY RESERVATION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>HONORABLE BARRY G. LAWRENCE, District Judge, Utah Third Judicial District, and LYNN D. BECKER,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING TEMPORARY RESTRAINING ORDER**<br><br>Case No. 2:16-cv-00579<br><br>Judge Clark Waddoups |

This matter is before the court on "Plaintiffs' Emergency Motion to Enjoin the State Court Proceedings until the District Court Has Complied with the Tenth Circuit's Order of 2/16/2018." (ECF No. 82.) For the reasons stated below, the court issues a temporary restraining order enjoining the Honorable Barry G. Lawrence and Lynn D. Becker from proceeding in the matter of *Becker v. Ute Indian Tribe*, Case No. 140908394, Third Judicial District Court, Salt Lake County.

## BACKGROUND

On August 16, 2016, Judge Robert J. Shelby concluded the federal district court lacked jurisdiction to address Plaintiffs' claims in this case. Order, at 2 (ECF No. 40). On November 7, 2017, the Tenth Circuit issued an Opinion, wherein it concluded the federal district court did have jurisdiction to address the claims. In that Opinion, the Tenth Circuit also stated that it "left to the federal district court to resolve on remand" whether the "notions of comity" require the federal court to "defer to a state court's determination of its own jurisdiction." Opinion, at 18 n.6

1

(ECF No. 49). It then remanded the case with the instruction for the district court to proceed consistent with the Court's Opinion, and particularly to "address in the first instance whether the Tribe's claims for declaratory relief fall within its supplemental jurisdiction under 28 U.S.C. § 1367." Opinion, at 18. Upon remand, the case was assigned to this judge.

This court, in reviewing the opinion, considered on the one hand, the Tenth Circuit stated the federal district court had jurisdiction, but on the other hand, the Tenth Circuit instructed the court to address supplemental jurisdiction. In an attempt to reconcile the two statements, this court concluded that the Tenth Circuit's Opinion first explained why Judge Shelby had erred in denying jurisdiction and next directed this court to exercise its jurisdiction to determine if supplemental jurisdiction applied. Accordingly, this court requested supplemental briefing from the parties and heard oral argument on the issue of supplemental jurisdiction. On January 31, 2018, this court then issued a Memorandum Decision and Order Declining to Exercise Supplemental Jurisdiction under 28 U.S.C. § 1367. (ECF No. 78.)

On February 16, 2018, however, the Tenth Circuit directed this court further as follows:

> On remand, the district court shall exercise its original jurisdiction in accord with the mandate in our decision *Ute Indian Tribe v. Lawrence*, 875 F.3d 539 (10th Cir. 2017), and decide the Tribe's request for injunctive relief against the state court proceedings. The district court should obtain briefs from the parties and conduct proceedings on the Tribe's request for injunctive relief forthwith, including holding an evidentiary hearing, if necessary.

Order, at 2 (ECF No. 81). Although this court is uncertain, the Order appears to reject this court's Memorandum Decision and Order Declining to Exercise Supplemental Jurisdiction. Without specific information about the Tenth Circuit's reasoning, this court is left with the Tenth Circuit's latest instruction, namely, to address Plaintiffs' request for injunctive relief.

2

Shortly after receiving the Tenth Circuit's new Order, Plaintiffs filed this emergency motion for a temporary restraining order. Based on the Tenth Circuit's reasoning in its November 7, 2017 Opinion and its most recent Order, the court makes the following findings and conclusions pursuant to Rule 65 of the Federal Rules of Civil Procedure.

## ANALYSIS

### I. RULE 65 ELEMENTS

Plaintiffs contend the State court lacks subject-matter jurisdiction to address claims against them and should be enjoined. In light of the Tenth Circuit's recent Order and upon further review of the Opinion remanding the case, the court concludes Plaintiffs have a substantial likelihood of prevailing on the merits. The Tenth Circuit noted "that state adjudicative authority over Indians for on-reservation conduct is greatly limited by federal law." Opinion, at 6 (ECF No. 6). It further noted that while sovereign immunity may be waived, "ordinarily subject-matter jurisdiction is not waivable or can be waived only through specified procedures." *Id.* at 13. Based on these statements by the Tenth Circuit, the court concludes the first element for temporary injunctive relief has been satisfied.

Second, Plaintiffs are likely to suffer irreparable harm unless a temporary restraining order issues. Trial in the State court case is scheduled to commence on February 26, 2018. Absent an injunction, Plaintiffs will be required to defend and present claims in a court that potentially lacks jurisdiction over them. This harm cannot be redressed monetarily. Moreover, the Tenth Circuit has instructed this court to obtain additional briefs from the parties in this proceeding and conduct an evidentiary hearing if necessary. Those actions cannot be completed by February 26th, and Plaintiffs would be denied the benefit of the Tenth Circuit's Order were the trial to proceed in State court.

Third, the threatened injury to Plaintiffs outweighs the harm that the temporary restraining order may cause Defendants. Although much effort goes into preparing for trial, the harm to Defendants can be redressed through trial at a later date, should the State court ultimately be found to have jurisdiction. In contrast, the harm to Plaintiffs in submitting to a court that may not have jurisdiction cannot be redressed readily.

Fourth, the court concludes the injunction will not adversely affect the public interest. The public has an interest in the government not exceeding the scope of its authority and in respecting the authority of other sovereigns. The injunction will further this public interest.

## II. INJUNCTIVE AUTHORITY

Typically, this court would not enjoin the State court from proceeding because that sovereign has concluded it has jurisdiction, but the unique circumstances of three sovereigns contending for jurisdiction in this action and related litigation demand it. In the companion case of *Becker v. Ute Indian Tribe of the Uintah and Ouray Reservation*, the Tenth Circuit noted "[t]he allocation of sovereign authority among the federal government, the states, and tribes is ordinarily a matter of federal law." Opinion, at 8 (ECF No. 69 in Case No. 2:16-cv-958). It further noted that "'state courts are generally divested of jurisdiction as a matter of federal law'" when "'state-court jurisdiction over Indians or activities on Indian lands would interfere with tribal sovereignty and self-government.'" *Id.* (quoting *Iowa Mut. Ins. Co. v. LaPlante*, 480 U.S. 9, 15 (1987)). This court has the unique authority to determine jurisdiction between the State and the Tribe.

Moreover, in *Sac & Fox Nation v. Hanson*, 47 F.3d 1061, 1063 (10th Cir. 1995), the Tenth Circuit addressed the Anti-Injunction Act, 28 U.S.C. § 2283. The Act provides:

> A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act

4

>of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

The Court noted that 28 U.S.C. § 1362 expressly grants the district court "original jurisdiction of all civil actions, brought by any Indian tribe . . . , wherein the matter in controversy arises under the Constitution, laws, or treaties of the United States." *Id.* at 1063 n.1 (alteration in original). Accordingly, the Tenth Circuit stated "[i]t is possible that section 1362 authorizes federal courts to enter injunctions against state proceedings." *Id.* The Tenth Circuit cited *Sac & Fox* in its guidance to this court in its November 7, 2017 Opinion. *See* Opinion, at 17 n. 5 (ECF No. 49).

In the Tenth Circuit's November 7, 2017 Opinion, it held that this court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1362. On February 16, 2018, it ordered this court to address Plaintiffs' request for injunction. To aid in the court's jurisdiction, this court necessarily must enjoin the State court proceedings pursuant to its authority under section 1362 and the Anti-Injunction Act.

## **CONCLUSION and ORDER**

For the reasons stated above, the court hereby issues a Temporary Restraining Order ENJOINING Defendants from proceeding in the matter of *Becker v. Ute Indian Tribe*, Case No. 140908394, Third Judicial District Court, Salt Lake County. Pursuant to Rule 65(b)(2), this order shall expire fourteen days from the date of this order. The parties are directed to contact the court on Tuesday, February 20, 2018, to set this matter for a hearing.

DATED this 17th day of February, 2018.

BY THE COURT:

*Clark Waddoups*
Clark Waddoups
United States District Court