IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UTE INDIAN TRIBE OF THE UINTAH & OURAY RESERVATION, a federally recognized Indian Tribe and a federally chartered corporation, the UINTAH AND OURAY TRIBAL BUSINESS COMMITTEE, and UTE ENERGY HOLDINGS LLC, a Delaware LLC,<br><br>Plaintiffs,<br><br>v.<br><br>HONORABLE BARRY G. LAWRENCE, District Judge, Utah Third Judicial District Court, in his Individual and Official Capacities, and LYNN D. BECKER,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:16-cv-00579-TC<br><br>District Judge Tena Campbell |

After the Tenth Circuit's mandate issued in Ute Indian Tribe of the Uintah & Ouray Reservation v. Lawrence, 22 F.4th 892 (10th Cir. 2022), the Tribe moved for its costs and attorneys' fees under 42 U.S.C. § 1988. (ECF No. 237.) In an appeal taken from this case, the Tenth Circuit previously noted that

> [i]t appears that the district court construed the Tribe's amended complaint as advancing a claim under the federal civil-rights act, 42 U.S.C. § 1983. The district court dismissed that claim without prejudice, and the Tribe has not challenged this ruling on appeal. The Tribe made clear in district court, however, that it was not relying exclusively on § 1983.

Ute Indian Tribe v. Lawrence, 875 F.3d 539, 541 n.2 (10th Cir. 2017). And the Tenth Circuit also affirmed the district court's dismissal without prejudice of the Tribe's § 1983 claims in the companion case, No. 2:16-cv-00958. Becker v. Ute Indian Tribe of the Uintah & Ouray Rsrv., 868 F.3d 1199, 1206 (10th Cir. 2017).

The § 1983 claims dismissed in No. 2:16-cv-00958 are functionally indistinguishable from those presented here. (Compare Second Am. Third-Party Compl. ¶¶ 57–73, ECF No. 34 in No. 2:16-cv-00958, with Am. Compl. ¶¶ 56–61, ECF No. 4 in No. 2:16-cv-00579.) Both request identical relief: an injunction against Lynn Becker's state-court action. The court finds that the Tribe cannot "prevail[]" on its § 1983 claim because it "[proceeded] in its sovereign capacity, not as a 'person' within the meaning of § 1983." Becker, 868 F.3d at 1206. Alternatively, the court finds that the Tribe has waived its § 1983 argument by "not challeng[ing] this ruling on appeal." Lawrence, 875 F.3d at 541 n.2. The court therefore DENIES the Tribe's request for attorneys' fees.

In its motion and accompanying declaration, the Tribe also asks for $2,472.00 in costs.[1] The Tribe incurred this sum for the "overnight lodging and meals for some of its fact witnesses" for a two-day evidentiary hearing in January 2020. (Mot. Ex. A (Decl. of Bassett) at 3, ECF No. 237-1.) Federal Rule of Civil Procedure 54(d)(1) creates a presumption that "costs—other than attorney's fees—should be allowed to the prevailing party." Although "the Supreme Court has placed strict limits on what can be awarded" under Rule 54, Stender v. Archstone-Smith Operating Trust, 958 F.3d 938, 941 (10th Cir. 2020), courts may award a "subsistence allowance" to a witness when "an overnight stay is required at the place of attendance because such place is so far removed from the residence of such witness as to prohibit return thereto from day to day." 28 U.S.C. § 1821(d)(1). But the subsistence allowance cannot exceed "the maximum per diem allowance prescribed by the Administrator of General Services . . . for official travel in the area of attendance by employees of the Federal Government." § 1821(d)(2). The January 2020 per

---

[1] This is in addition to $11,774.66 in more traditional costs itemized on the Tribe's Bill of Costs. (ECF No. 235.)

2

diem allowance was $127.00 for lodging and $42.00 for meals and incidentals on the first and last day of travel.[2]

Six of the Tribe's witnesses who lived outside of the metropolitan area needed to stay overnight in Salt Lake City because of bad weather. (Decl. of Bassett at 3.) Each of the six witnesses received $300.00 for lodging and $112.00 for meals, totaling $2,472.00. (Mot. Ex. B at 3, ECF No. 237-2.) Because the hearing only lasted two days, the court will only award the maximum per diem allowance for those two days: $2,028.00.[3] The court therefore GRANTS IN PART the Tribe's request for this cost, and only against Defendant Lynn D. Becker.[4]

## CONCLUSION

The court GRANTS IN PART and DENIES IN PART the Tribe's motion for attorneys' fees and costs. (ECF No. 237.) The court does not award the Tribe its attorneys' fees, but it awards a witness subsistence allowance totaling $2,028.00 for the January 2020 evidentiary hearing.

DATED this 28th day of February, 2022.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
United States District Judge

---

[2] U.S. Gen. Servs. Admin., FY 2020 Per Diem Rates for Salt Lake City, Utah, https://www.gsa.gov/travel/plan-book/per-diem-rates/per-diem-rates-lookup/?action=perdiems_report&state=UT&fiscal_year=2020&zip=&city=Salt%20Lake%20City (last visited Feb. 28, 2022).

[3] Each witness can receive $127.00 for lodging and $42.00 for meals and incidentals per diem. For two days and six witnesses, this totals $2,028.00.

[4] Judge Barry G. Lawrence is not liable for costs because of judicial immunity. See Pierson v. Ray, 386 U.S. 547, 554 (1967); Stump v. Sparkman, 435 U.S. 349, 356–57 (1978).