IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UTE INDIAN TRIBE OF THE UINTAH AND OURAY RESERVATION, a federally recognized Indian Tribe; UINTAH AND OURAY TRIBAL BUSINESS COMMITTEE; and UTE ENERGY HOLDINGS, a Delaware LLC,<br><br>Plaintiffs,<br><br>v.<br><br>THE HONORABLE BARRY G. LAWRENCE, District Judge, Utah Third Judicial District Court, in his individual and official capacities; and LYNN D. BECKER,<br><br>Defendants. | **ORDER AND MEMORANDUM DECISION DENYING MOTION FOR ATTORNEY'S FEES**<br><br><br>Case No. 2:16-cv-579-TC<br><br>Judge Tena Campbell |

Before the court is the Plaintiff's statement of and request for attorney's fees (ECF No. 279), filed in connection with the Plaintiff's previously filed Motion to Enforce Injunction, for Order to Show Cause, and for Sanctions (ECF No. 271).

## BACKGROUND

This action concerns longstanding litigation between Plaintiff Ute Indian Tribe of the Uintah and Ouray Reservation ("the Tribe") and Defendant Lynn D. Becker, a contractor who was hired by the Tribe to help develop the Tribe's mineral resources and who later sued the

1

Tribe for breach of contract. There have been various actions related to this dispute filed in state, federal, and tribal court.[1]

The Tribe filed the above-captioned matter to enjoin state court proceedings[2] that were in front of the Honorable Barry G. Lawrence, a district judge in the Utah Third Judicial District, on the ground that the state court lacked jurisdiction. The Tenth Circuit agreed. Ute Indian Tribe of Uintah & Ouray Reservation v. Lawrence, 22 F.4th 892 (10th Cir. 2022), cert denied 143 S. Ct. 273 (2022). Following that decision, this court entered a permanent injunction on February 28, 2022, which stated: "The Defendants are permanently enjoined from taking any action in the Becker state court suit, except to dismiss the suit for lack of subject-matter jurisdiction." (Permanent Injunction Order dated Feb. 28, 2022, ECF No. 240.)

On July 15, 2022, the court issued an order denying a series of motions filed by the Tribe that sought to add claims for injunctive and declaratory relief against Judge Lawrence. (Order dated July 15, 2022, ECF No. 270.) On October 3, 2022, the Supreme Court denied a petition for writ of certiorari for review of the Tenth Circuit decision. Becker v. Ute Indian Tribe of Uintah & Ouray Reservation, 143 S. Ct. 273 (2022). Nothing further happened in either this action or in the state matter until June 5, 2023, when the Tribe filed (in state court) a motion to dismiss the state court lawsuit. (See Pls.' Mot., Ex. A, ECF No. 271.) Mr. Becker (also in state court) filed an opposition to that motion on June 20, 2023. (See id., Ex. B.)

The Tribe then filed a motion in the instant action asking the federal court to 1) issue an order enforcing the permanent injunction; 2) issue an order directing Mr. Becker to show cause

---

[1] For a more extensive background, see Becker v. Ute Indian Tribe of Uintah & Ouray Reservation, No. 22-4022, 2023 WL 5051167, at *1-3 (10th Cir. Aug. 8, 2023).
[2] Becker v. Ute Indian Tribe of Uintah & Ouray Reservation, No. 140908394 (3d Jud. Dist. Ct.). (See Pls.' Mot., Ex. A, ECF No. 271.)

why he should not be held in contempt for violation of the permanent injunction; and 3) impose sanctions on Mr. Becker. (See id.) The court set a hearing for the motion on August 9, 2023.

Over a month before that hearing, on July 5, 2023, Judge Lawrence dismissed the state court case. (See Order of Dismissal, Pls.' Mem. Supp. Attorney's Fees, Ex. 2, ECF No. 279-3.) The parties did not inform the court of this dismissal because they did not receive notice. But having assured itself at the hearing that the state court case was indeed closed, the court held that the Plaintiffs' Motion to Enforce Injunction was moot. (Minute Entry, Aug. 9, 2023, ECF No. 277.) The court did agree, however, to consider the issue of attorney's fees as a sanction for Mr. Becker's conduct. Accordingly, the court directed the Plaintiffs to file a memorandum of their fees and permitted Mr. Becker an opportunity to file objections arguing why sanctions should not be imposed. (See id.)

## ANALYSIS

The court has inherent power to manage proceedings before it and sanction conduct that undermines those proceedings. Becker, 2023 WL 5051167, at *3. The court may award attorney's fees under its inherent power "when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Martinez v. Roscoe, 100 F.3d 121, 123 (10th Cir. 1996) (quoting Chambers v. NASCO, 501 U.S. 32, 45-46 (1991)). In a separate case involving the Tribe and Mr. Becker, the Tenth Circuit recently held that a court must find clear and convincing evidence of bad faith to support a "fee-shifting sanction leveled under a court's inherent power." Becker, 2023 WL 5051167, at *6.

To begin, the court is only willing to consider a compensatory fee award in this matter. See id., at *5 (noting that a court must ensure procedural guarantees, such as findings of fact beyond a reasonable doubt, to impose sanctions for an amount beyond a party's losses). And

while the court agrees that Mr. Becker's decision to file a response in state court necessitated a reply brief from the Plaintiffs, the court is less convinced that it was necessary for the Plaintiffs to file a motion to enforce the federal injunction in this court before awaiting the outcome of their motion in state court.

The court's injunction applies not just to Mr. Becker but to Judge Lawrence, who is also a defendant in this action, and the Plaintiffs did not allow the judge a reasonable amount of time to comply with that injunction before turning to the federal court. Unsurprisingly, Judge Lawrence dismissed the case just over a week after the Plaintiffs filed their reply brief to their motion to dismiss without any need for a further order from this court. And while counsel for Mr. Becker was also unaware that the state court matter had been dismissed until the hearing in front of this court, some additional due diligence from the Plaintiffs could have saved time and money. Of the $16,682.50 in attorney's fees requested by the Plaintiffs, only $5,627.50 of these fees represent work performed before July 5, 2023,[3] at which point the Plaintiffs won the relief they were requesting. The court will therefore only consider an award of attorney's fees for the costs of filing the Plaintiffs' reply brief in state court.

Turning to the standard for imposing sanctions, the court finds that, while the question is a close one and Mr. Becker's response to the state court motion was ill-advised,[4] on balance there is no clear and convincing evidence of bad faith. The litigation history between these parties is extremely complex. Given that the Plaintiffs did not take any action in the state court

---

[3] See Decl. Frances C. Bassett, ECF No. 279-1 (requesting fees of $13,740); Decl. J. Preston Stieff, ECF No. 279-2 (requesting fees of $2,942.50).

[4] The court agrees with Judge Lawrence's assessment that Mr. Becker's argument (that after litigation in the tribal court the matter "could return to federal court, and a federal appellate court could decide that [the state court] does have jurisdiction") was "at best speculative if not fanciful." (Order of Dismissal, Pls.' Mem., Ex. 2, ECF No. 279-3.)

matter until eight months after the Supreme Court denied the petition for a writ of certiorari, it is somewhat understandable that Mr. Becker wished to maintain the status quo, keep open any potential avenues of litigation, and avoid any statute of limitations issues—even though the arguments in his response lacked merit because Judge Lawrence was required to dismiss the state court action under the terms of the injunction. Mr. Becker also claims that he understood the injunction only to prevent him from filing a motion and not from responding to a motion filed by the Plaintiffs. This argument is dubious, but the court finds that Mr. Becker's interpretation is not a clear indication of bad faith.

Mr. Becker's actions caused minimal delay in the dismissal of the state court proceedings, the Plaintiffs have achieved the primary relief they sought, and therefore this court need take no further action.

## ORDER

The Plaintiffs' Motion to Enforce Injunction and for Order to Show Cause (ECF No. 271) is terminated as moot. The Plaintiffs' Motion for Sanctions/Attorney's Fees (ECF Nos. 271 & 279) is DENIED.

SO ORDERED this 6th day of September, 2023.

BY THE COURT:

_____
TENA CAMPBELL
United States District Judge